**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

BILL IRWIN; and )
CLEVEL IRWIN, )
　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-14-017-JHP
　　　　　　　　　　　　　　　　)
HODGE, INC. d/b/a )
TOYOTA OF ARDMORE; )
TOYOTA OF ARDMORE, INC. d/b/a )
TOYOTA OF ARDMORE; and )
TOYOTA MOTOR CREDIT )
CORPORATION d/b/a TOYOTA )
FINANCIAL SERVICES, )
　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**FINDINGS AND RECOMMENDATION**

　　　This matter comes before this Court on Plaintiff's Motion for Stay Regarding the Personal Property Which Is the Subject of This Litigation filed February 5, 2014 (Docket Entry #6). By Order entered April 1, 2014, United States District Judge James H. Payne, the judge presiding over this case, referred the subject Motion to the undersigned for the purpose of entering Findings and a Recommendation as to its final disposition.

　　　On January 27, 2014, Plaintiffs initiated this action alleging claims for the violation of the Truth in Lending Act, conversion, fraud in the inducement, fraud, breach of contract, violation of the Oklahoma Consumer Protection Act, negligence, violation of the Uniform Commercial Code against Defendants in connection with a Toyota Tundra vehicle. Plaintiffs contend their attorneys stored the vehicle with their landlord after their expert determined it

was unsafe to drive. Defendant Toyota Motor Credit Corporation holds a security interest in the vehicle.

On February 4, 2014, Plaintiffs allege agents from an entity identified as "Defendant Times Up Recovery, Inc." came onto the storage facility property removed the vehicle. Plaintiffs allege no Order of Replevin had been obtained prior to the seizure of the vehicle. Plaintiffs further allege that they filed litigation against Times Up Recovery, Inc. in state court on February 4, 2014. Plaintiffs seek the return of the subject vehicle to Plaintiffs' lawyers. Additionally, in the prayer, Plaintiffs seek an order "in their favor so that the Tundra is not released into the market place without the benefits of proper labeling and the payment of its (sic) storage fees to date within 10 days . . . ."

For its part, Defendant Toyota Motor Credit Corporation responds that Plaintiffs have no standing to assert the claim for reimbursement of storage fees on behalf of their attorneys. Defendant also states that Plaintiffs failed to comply with this Court's local rules by failing file an accompanying brief with the Motion and failing to confer with opposing counsel prior to filing the Motion. Defendant also informs the Court that Plaintiffs' attorneys initiated a separate action in the District Court in and for Cleveland County, Oklahoma for replevin of the vehicle in question. The state court ordered the return of the vehicle on counsel's emergency motion. Defendant states "[o]n information and

belief" that the vehicle has been turned over to Plaintiffs' attorneys.

While this Court does not condone Plaintiffs' failure to comply with the local rules, the merits of the Motion will be considered in order to address the issues in a more expeditious manner and since the presiding judge referred the matter to the undersigned. This Court is somewhat confused by the title of the Motion compared to the relief sought. Plaintiffs state they seek a stay in the title of the Motion but no relief of that sort is sought in the body or the prayer of the document. Moreover, Plaintiffs filed no reply to Defendant's response, leaving the allegation that the vehicle has been returned to Plaintiffs' attorneys unchallenged. As a result, it would appear the relief sought in this regard is moot.

In seeking the storage fees for the vehicle on behalf of their attorneys, Plaintiffs offer no legal authority for doing so. Plaintiffs presume the towing company responsible for repossession of the vehicle was acting on Defendant's behalf. No evidence of that fact, however, is offered by Plaintiffs. This Court is left with Plaintiffs seeking recovery of storage fees incurred by a third party (their attorneys) from a non-party to this litigation (the towing company). Consequently, Plaintiffs appear to lack the necessary standing to recover the fees they seek and the allegedly offending party is not a party to this action. The Motion should

be denied on that basis at this time.

BASED UPON THE FOREGOING, IT IS THE RECOMMENDATION OF THE UNDERSIGNED that Plaintiff's Motion for Stay Regarding the Personal Property Which Is the Subject of This Litigation filed February 5, 2014 (Docket Entry #6) be **DENIED**.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the findings made herein.

IT IS SO ENTERED this 7th day of April, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE